United States District Court
Southern District of Texas
**ENTERED**
October 13, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| OIL PATCH GROUP INC, | § § | CIVIL ACTION NO 4:23-cv-02268 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| DEREK ELZNER, *et al*, Defendants. | § § | |

**ORDER**

The motion by Defendants to compel arbitration was granted on the grounds that the issues in this dispute are within the scope of the arbitration clause of the employment agreements between the parties. See Dkt 89.

An agreed preliminary injunction was entered at the relative outset of this case. Dkt 44; see also Dkt 17 (temporary restraining order). Pending are letter briefs from the parties regarding their positions on continued enforcement of that order and related oversight in federal court now that arbitration will proceed. Dkts 85 & 86.

Section 8.1 of the subject agreement states:

> [A] court of competent jurisdiction shall have the power to maintain the status quo pending the arbitration of any dispute under this Section 8.1, and this Section 8.1 shall not require the arbitration of an application for emergency or temporary injunctive relief by either Party pending arbitration; provided, however, that the remainder of any such dispute beyond the application for emergency or temporary

>    injunctive relief shall be subject to arbitration under this Section 8.1.

Dkt 63-1 at 16. This clause notably contemplates only *emergency* or *temporary* injunctive relief by a federal court—not maintenance of such relief for the duration of any arbitration.

Absent contractual language to the contrary, the authority of a district court to award temporary injunctive relief pending arbitration extends only until the arbitrator can decide whether to award such relief. *Braintree Labratories, Inc v Citigroup Global Markets Inc,* 622 F3d 36, 40 n 4 (1st Cir 2010); see also *Performance Unlimited, Inc v Questar Publishers, Inc,* 52 F3d 1373, 1386 (6th Cir 1995) (authority of district court to issue preliminary injunctive relief extends only until arbitrator is able to decide how to maintain *status quo*); *Merrill Lynch, Pierce, Fenner & Smith, Inc v Salvano,* 999 F2d 211, 215 (7th Cir 1993) (authority of district court to issue preliminary injunctive relief doesn't extend *ad infinitum*, but only until arbitrator is able to enter any temporary injunctive relief deemed necessary to maintain *status quo*).

It is thus ORDERED that the agreed preliminary injunction is maintained until such time as a motion to continue such relief under the arbitration proceedings is filed before the appointed arbitrator.

It is further ORDERED that the parties file a joint report informing the Court at each juncture when (i) arbitration has been initiated, (ii) such motion to continue federal injunctive relief is brought before the arbitrator, and (iii) the ruling is made on any such motion.

It is further ORDERED that, if no such motion is brought within fourteen days of the initiation of arbitration, the agreed preliminary injunction in this case is ABATED.

The pending motion by Plaintiff Oil Patch Group, Inc for contempt and modification of preliminary injunction is DENIED. Dkts 61 & 75. The requested non-emergency relief is outside the authority of the district court and reserved for the arbitrator under the parties' agreement. Request for

contempt as to prior conduct may be renewed after any motion practice before the arbitrator concludes, as noted above.

SO ORDERED.

Signed on October 13, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge